Susan CORRELL,

v.

EQUIFAX CHECK SERVICES, INC.

No. 396cv849 (JBA).

United States District Court, D. Connecticut.

Sept. 30, 1997.

Joanne Faulkner, Law Offices of Joanne Faulkner, New Haven, CT, for plaintiff.

Eric D. Daniels, Patricia J–Leary Campanella, Christopher John Hug, Robinson & Cole, Hartford, CT, David L. Hartsell, Kilpatrick Stockton, Atlanta, GA, Ross & Hardies, Chicago, IL, for defendant.

*RULING ON PLAINTIFF'S OBJEC-TION TO MAGISTRATE JUDGE'S RECOMMENDED RULING [doc. 81]*

ARTERTON, District Judge.

This case arises from defendant Equifax Check Services, Inc.'s ("ECS") efforts to collect on a service charge imposed in relation to a dishonored check written by plaintiff Susan Correll and made payable to "Sports Authority." Plaintiff claims that the methods used by defendant to collect on the check violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn.Gen.Stat. § 42–110a, et seq. The parties cross-moved for summary judgment. Plaintiff objects to Magistrate Judge William I. Garfinkel's Recommended Ruling granting defendant's motion for summary judgment and denying plaintiff's motion for summary judgment, and denying defendant's motion for sanctions.

Plaintiff wrote a dishonored check to the "Sports Authority" on September 23, 1995, which check was then purchased from that store by ECS. ECS attempted to collect on the amount of the check plus a service charge, and sent letters to plaintiff on October 20, 1995, November 10, 1995, November 24, 1995, December 15, 1995, January 5, 1996, and January 22, 1996, in an effort to collect the outstanding amount. On December 14, 1995, plaintiff filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Connecticut, but did not disclose in her petition her potential FDCPA claims against ECS as an asset or exempt property. On January 18, 1996, the bankruptcy trustee filed a report stating that no property was available for distribution to creditors, and on April 2, 1996 the Bankruptcy Court entered a discharge order and the case was closed on April 10, 1996. On May 15, 1996, plaintiff brought the instant action arising from the written communications by ECS attempting to col-

**10**

lect on the dishonored Sports Authority check.

■ The Magistrate Judge held that plaintiff lacked standing to prosecute this case because she failed to schedule and disclose her claims against ECS in her bankruptcy petition and thus her claims against ECS are the property of the bankruptcy estate and can be prosecuted only by the trustee in bankruptcy. Commencement of a bankruptcy case creates an estate which is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Property of the estate also includes causes of action belonging to the debtor which accrued prior to the filing of the bankruptcy petition, *Seward v. Devine*, 888 F.2d 957, 963 (2d Cir.1989), and a cause of action is part of the estate even if the debtor fails to schedule the claim in his or her petition. *See In re Drexel Burnham Lambert Group, Inc.*, 160 B.R. 508, 514 (S.D.N.Y.1993). Although unscheduled property may be abandoned by the trustee pursuant to §§ 554(a) or (b), property not abandoned by the trustee under those sections remains part of the estate even after closure of the bankruptcy case. *See Id.* ("any asset not scheduled pursuant to 11 U.S.C. § 521(1) remains property of the bankruptcy estate, and the debtor loses all rights to enforce it in his own name"); 11 U.S.C. § 554(d).

■ Where an unscheduled claim remains the property of the bankruptcy estate, a debtor lacks standing to pursue that claim after emerging from bankruptcy and the claims must be dismissed. *Rosenshein v. Kleban*, 918 F.Supp. 98, 103 (S.D.N.Y. 1996). *See also Tuttle v. Equifax Check Services*, No. 3:96cv948(WWE), 1997 WL 835055 (D.Conn. June 17, 1997) (trustee in bankruptcy is real party in interest to prosecute FDCPA claim where claim comprised part of bankruptcy estate); *Ratterree v. Chemical Bank*, 5:88cv636(EBB) (D.Conn. Nov. 15, 1989) (bankruptcy trustee must prosecute wrongful possession claim because claim comprised part of bankruptcy estate).

Plaintiff conceded at summary judgment, and in her objection, that any causes of action on the first three collection letters (October 20, 1995, November 10, 1995 and November 24, 1995) had accrued by the date plaintiff filed bankruptcy. However, plaintiff objects to the Recommended Ruling's holding that the three post-petition letters (December 15, 1995, January 5, 1996, and January 22, 1996) did not constitute the same cause of action as the three pre-petition letters under the FDCPA, and thus the letters received after commencement of the bankruptcy were insufficient to confer standing on plaintiff. In particular, plaintiff contends that each of the duns, standing alone, is a separate act on which plaintiff may bring a cause of action under the FDCPA. Thus, plaintiff maintains, because the last three letters were received by plaintiff after commencement of plaintiff's voluntary bankruptcy, any cause of action potentially arising from them is post-petition and does not constitute property of the estate.

■ Even accepting plaintiff's argument that each letter constituted a separate, actionable FDCPA violation, the bankruptcy code definition of "property of the estate" includes "[a]ny interest in property that the estate acquires after the commencement of the case." 11 U.S.C. § 541(a)(7). "Causes of action arising after the debtor files for bankruptcy generally become part of the estate." *Polvay v. B.O. Acquisitions, Inc.*, No. 96 Civ. 3576(PKL), 1997 WL 188127 (S.D.N.Y. April 17, 1997). *See also Stanley v. Sherwin-Williams Company*, 156 B.R. 25, 26 (W.D.Va.1993) (holding that Chapter 7 debtor could not prosecute cause of action for interference with contractual relations which arose before his discharge in bankruptcy and which thus remained property of the estate because it was not abandoned by the bankruptcy trustee); *DeLarco v. DeWitt*, 136 A.D.2d 406, 527 N.Y.S.2d 615,

616 (App.Div.1988) (holding that Chapter 7 debtor lacked standing to bring malpractice action accruing before termination of bankruptcy proceeding because upon filing of voluntary bankruptcy petition, all property which debtor owns or subsequently acquires, including a cause of action, vests in the bankruptcy estate).

Plaintiff refers to § 541(a)(1)'s provision that the bankruptcy estate is comprised of all legal and equitable interests of the debtor in property as of the commencement of the bankruptcy, and further refers to § 541(a)(5) as specifically limiting the types of post-bankruptcy property which become part of the estate.[1] However, that section specifically provides a method for allocating types of future interests present at the commencement of the case, rather than sets a limitation on when post-petition acquisition of property becomes part of the estate. In fact, § 541 goes on to expressly provide that any interest in property acquired by the estate after commencement of the bankruptcy is considered to be part of the estate. § 541(a)(7). Although plaintiff cites *United States v. Whiting Pools*, 462 U.S. 198, 205, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983) for the proposition that § 541 should be read narrowly because only certain items not in possession of the debtor at the time of filing are brought within the estate by specific sections, that discussion in *Whiting Pools* actually notes that § 541(a)(1)'s "scope is broad," and that the section is intended to include in the estate any property made available to the estate by other provisions of the Bankruptcy Code, several of which bring into the estate property in which the debtor did not have a possessory interest at the time the proceedings commenced. In fact, the Supreme Court referred specifically to §§ 543, 547 and 548, which permit a trust-

ee to demand the turnover of property that is in the possession of others if that possession is due to a custodial arrangement. *Id.* at 204–05, 103 S.Ct. 2309. In short, *Whiting Pools* does not suggest that § 541(a)(7) is inoperable to include causes of action accruing post-petition within the bankruptcy estate.

Plaintiff's citations to *Patrick A. Casey, P.A. v. Hochman*, 963 F.2d 1347, 1350–51 (10th Cir.1992) and *Rodriguez–Suncin v. Diversified Collection Services, Inc.*, Civil No. 96–2641–PHX–RGS (D.Ariz. July 7, 1997) in support of her argument that she has standing to pursue the instant cause of action based on the post-petition letters are unpersuasive. *Hochman* involved an after-acquired patent and not a cause of action, and although *Rodriguez–Suncin* denied defendant's motion to dismiss where defendant did not demonstrate that alleged FDCPA violations occurred pre-petition, that case provides no reasoning for that holding.

In sum, the Court concludes that where plaintiff received the post-petition collection letters from ECS prior to her discharge from bankruptcy and the close of her bankruptcy case, plaintiff lacks standing to prosecute this action because the subsequently acquired cause of action vested in the bankruptcy estate, and absent abandonment, the trustee in bankruptcy is the real party in interest to prosecute those claims where they comprise part of the bankruptcy estate. Accordingly, pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 2 of the Local Rules for United States Magistrates (D.Conn.1995), Magistrate Judge Garfinkel's Recommended Ruling [doc. 81] granting defendant's motion for summary judgment, denying plaintiff's motion for

---

1. Section 541(a)(5) provides:
   Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

   (A) by bequest, devise, or inheritance;
   (B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; or
   (C) as a beneficiary of a life insurance policy or of a death benefit plan.

summary judgment, and denying defendant's motion for sanctions is APPROVED and ADOPTED as modified.

IT IS SO ORDERED.