[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendants, Attorney Gurdon H. Buck ("Buck") and his firm, Robinson Cole (the "Firm") have moved to dismiss this action on the grounds that the plaintiff does not own the claim asserted in the Complaint, and therefore lacks standing. The defendants argue that the owner of the claim, and the only legal person that has standing to assert it, is the Dana Investment Corporation Bankruptcy Estate, which has not brought the case. The defendants assert the ground of judicial estoppel as an additional basis for dismissal because plaintiff sought relief in the bankruptcy court without disclosing as an asset the claim it now seeks to pursue for its own benefit.
Factual and Procedural History
This legal malpractice action was brought by plaintiff Dana Investment Corporation ("Dana"), a former client of the defendants. Dana asserts that it was defrauded by its partner in a real estate development venture; and that the fraud would have been prevented had defendants recorded certain documents on the land records before August 3, 1988. Dana further claims that this twelve year old claim is timely because the Firm supposedly continued to represent it with respect to the matter until 1998.
On October 20, 1994, Dana filed a voluntary petition for relief under CT Page 3223 Chapter 11 of the United States Bankruptcy Code.[1] On May 30, 1995 the court converted the case to one under Chapter 7 of the Bankruptcy Code. On August 31, 1998, the Dana Investment Corporation bankruptcy case was concluded, a Final Decree was entered by the court, and the case was closed. The causes of action alleged against the defendants in this case were not listed as assets of the debtor or otherwise identified or disclosed in any documents filed with the bankruptcy court. Nor does the bankruptcy court file contain any record that the claims were abandoned by the trustee or otherwise released or transferred to the debtor.
Discussion of Law and Ruling
A motion to dismiss is properly used to assert lack of jurisdiction over the subject matter of the action. Practice Book § 10-31(a)(1). "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacksjurisdiction of the subject matter, thejudicial authority shall dismiss the action." Practice Book §10-33. In ruling on a motion to dismiss, the court may rely upon affidavits to determine the jurisdictional issues and need not conclusively presume the validity of the allegations of the complaint.Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988).
"Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." Baldwin Piano and Organ Co.v. Blake, 186 Conn. 295, 297-98, 441 A.2d 183 (1982). See also, FDIC v.Peabody, N.E., Inc., 239 Conn. 93, 99-100, 680 A.2d 1321 (1996) (error to grant plaintiff's motion to amend its third party complaint after a motion to dismiss the third party complaint had been filed by the defendant); Castro v. Viera, 207 Conn. 420, 429, 541 A.2d 1216 (1988) ("once the question of lack of jurisdiction is raised, it must be disposed of no matter in what form it is presented and the court must fully resolve it before proceeding with the case.") (internal quotations omitted); Kohn Display Woodworking Co. v. Paragon Paint VarnishCorp., 166 Conn. 446, 448, 352 A.2d 301 (1974) ("questions of jurisdiction must be considered by the court to which they are presented before any further proceedings may take place"), citing, Wawrzynowicz v.Wawrzynowicz, 164 Conn. 200, 203, 319 A.2d 407 (1972), Lillico v.Perakos, 152 Conn. 526, 528, 209 A.2d 92 (1965), Felleter v. Thompson,133 Conn. 277, 280, 50 A.2d 81 (1946); Isaac v. Mount Sinai Hospital,3 Conn. App. 598, 600, 490 A.2d 1024 (1985) ("When a question of jurisdiction is brought to the court's attention, that issue must be resolved before the court can move on to other matters. This would appear to be particularly true where the question raised concerns subject CT Page 3224 matter, as opposed to personal, jurisdiction") (internal citations omitted); Saturn Construction Co., Inc. v. State, 1995 WL 542165, No. 940705198 at **1 (Sept. 7, 1995, Corradino, J.) (claims addressing jurisdiction "must be addressed by the court and must be addressed before anything else may occur in this case."); Tregaskis v. Wine EnthusiastCompanies, 1995 WL 447881, No. 950067373 at **2 (July 21, 1995, Pickett, J.) ("the court must consider the defendant's motion to dismiss directed at the original complaint prior to entertaining any other pleading ormotion") (emphasis added).
In Isaac, the defendants moved to dismiss the action brought against them for want of subject matter jurisdiction after they had discovered that the plaintiff lacked standing to bring the action. Subsequent to the filing of the defendants' motion to dismiss, the plaintiff filed a request to amend her complaint and a motion to substitute a party in an attempt to cure the jurisdictional defect. The court held that the trial court correctly considered the defendants' motion to dismiss before reaching the plaintiff's request and motion holding that "when a question of jurisdiction is brought to the court's attention, that issue must be resolved before the court can move on to other matters." Isaac,3 Conn. App. at 600.
"Where a plaintiff lacks standing to sue, the court is without subject matter jurisdiction." Russell v. Yale University, 54 Conn. App. 573,577, 737 A.2d 941 (1999) (internal quotation marks omitted). "`Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy.' Ardmare Construction Co. v. Freedman,191 Conn. 497, 501, 467 A.2d 674 (1983), quoting Hiland v. Ives,28 Conn. Sup. 243, 245, 257 A.2d 822 (1966)." Blakeney v. Commissioner ofCorrection, 47 Conn. App. 568, 574-75, 706 A.2d 989, cert. denied,244 Conn. 913, 713 A.2d 830 (1998).
Plaintiff Dana Investment Corporation lacks standing to sue the defendants, because the claims alleged in the complaint are not Dana's to assert. While Dana owned the claims when they supposedly arose in 1988, Dana surrendered that ownership to the Dana Investment Corporation Bankruptcy Estate (the "Estate"), a separate legal entity, when it filed for bankruptcy in 1994. 11 U.S.C. § 541 (a); Corell v. Equifax CheckServs., Inc., 234 B.R. 8 (D.Conn. 1997); Rosenshein v. Kleban,918 F. Sup. 98, 102 (S.D.N.Y. 1996). Commencement of a bankruptcy case creates an estate which is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case."11 U.S.C. § 541 (a)(1). Property of the estate includes causes of CT Page 3225 action belonging to the debtor which accrued prior to the filing of the bankruptcy petition. Seward v. Devine, 888 F.2d 957, 963 (2d Cir. 1989), and a cause of action is part of the estate even if the debtor fails to schedule the claim in his petition. See In re Drexel Burnham LambertGroup, Inc. 160 B.R. 508, 514 (S.D.N.Y. 1993) . . . "Property that is not scheduled may be abandoned by the trustee pursuant to the requirements of §§ 554(a) or (b). Unscheduled property not abandoned by the trustee pursuant to §§ 554(a) or (b) remains part of the estate even when the bankruptcy case is closed." Tuttle v. Equifax CheckServs., Inc., 1997 WL 835055, No. 3:96-cv-948, at *2 (D.Conn. June 17, 1997) (citations omitted); Rosenschein v. Klein, 918 F. Sup. 102, 103
(S.D.N.Y. 1996).
Because a debtor in bankruptcy is not the owner of an unscheduled claim that has not been abandoned back to him, he has no standing to assert it; accordingly, no court has subject matter jurisdiction to entertain his claim, Corell v. Equifax Check Servs., Inc., 234 B.R. at 11, 12
(D.Conn. 1997); Tuttle v. Equifax Check Servs., Inc., 1997 WL 835055 at *2 (D.Conn. 1997); Charts v. Nationwide Mutual Insurance Co. et al., No. 3:97-CV-1621 (CFD) (D.Conn. Aug. 8, 2000) at 4, 5; Rosenshein v.Kleban, supra at 102-103.
In Charts, Correll, and Rosenshein, the court ordered summary judgment for defendants because plaintiffs had failed to list the claims asserted in the case on the schedule of assets in their bankruptcy case, and therefore had no standing to make the claims at issue. In Tuttle, as in this case, the defendant raised the plaintiffs lack of standing by motion to dismiss, which the court granted.
Having obtained relief from the bankruptcy court without disclosing the cause of action now pressed in this case, plaintiff is precluded from now resurrecting the claims by the doctrine of judicial estoppel. Tuttle v.Equifax, supra, at 3; Charts v. Nationwide, supra, at 4, 5; Rosensheinv. Kleban, supra, at 104, 105. "In light of plaintiffs' affirmative duty to disclose these matters and the critical importance of such disclosure in bankruptcy actions, justice demands that plaintiffs be barred from pursuing the claims in this action." Charts v. Nationwide, supra, at 5.
The plaintiff's estoppel provides an independently sufficient ground, not only for the entry of summary judgment against it, as in Charts andRosenshein, but also for dismissal of the case, as in Tuttle.
The plaintiffs have no standing to make the claims they now seek to prosecute, and are judicially estopped from making them. For the foregoing reasons, the Motion to Dismiss is hereby granted. CT Page 3226
By the court,
Aurigemma, J.