## In re ROBOTIC VISION SYSTEMS, INC., and Auto Image ID, Inc., Debtors.

Nos. 04–14151–JMD, 04–14152–JMD.

United States Bankruptcy Court, D. New Hampshire.

May 26, 2006.

BAPCPA's enactment and therefore would not be governed by changes it effected.

Norman M. Kinel, Esq., Dreier LLP, New York, NY, Bruce A. Harwood, Esq., Sheehan Phinney Bass + Green, P.A., Manchester, NH, formerly for the Debtor.

Michael D. Sirota, Esq., Cole, Schotz, Meisel, Forman & Leonard, P.A., Hackensack, NJ, John M. Sullivan, Esq., Preti Flaherty, PLLP, Concord, NH, for Marotta, Gund, Budd & Dzera, LLC.

Robert A. White, Esq., Murtha Cullina LLP, Hartford, CT, for the Official Committee of Unsecured Creditors.

Steven M. Notinger, Esq., James W. Donchess, Esq., Donchess & Notinger P.C., Nashua, NH, for Chapter 7 Trustee.

Charles A. Dale III, Esq., Gadsby Hannah LLP, Boston, MA, Thomas J. Pappas,

Esq., Wiggin & Nourie, P.A., Manchester, NH, for Pat V. Costa.

Geraldine Karonis, Esq., Office of United States Trustee, Manchester, NH, for United States Trustee.

## MEMORANDUM OPINION

J. MICHAEL DEASY, Bankruptcy Judge.

### I. INTRODUCTION

On November 19, 2004, Robotic Vision Systems, Inc. and Auto Image ID, Inc. (collectively the "Debtors") sought bankruptcy protection under chapter 11 of the Bankruptcy Code. On October 11, 2005, the Court converted the Debtors' jointly administered cases to chapter 7, and the United States Trustee (the "UST") appointed Steven M. Notinger (the "Trustee") to serve as trustee. Professionals for the Debtors as well as the Official Committee of Unsecured Creditors (the "Committee") have filed applications seeking final approval of chapter 11 fees and expenses. The UST and creditor Pat V. Costa ("Costa") have filed objections to the applications. In addition, the Trustee has made recommendations and reached settlements with some of the professionals. The Court held a procedural status hearing on the applications and objections on May 5, 2006, and took some matters under advisement in order to determine the appropriate process for considering and ruling on the applications, objections, recommendations, and settlements.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### II. FACTS AND PROCEDURAL HISTORY

Upon conversion of the Debtors' cases to chapter 7, the Court set November 15, 2005, as the bar date for filing final applications for fees and expenses for chapter 11 professionals (Doc. No. 1462). The following chapter 11 professionals filed final applications:

A. the Debtors' former attorneys, Dreier LLP ("Dreier") (Doc. No. 1502) and Sheehan Phinney Bass + Green, P.A. ("Sheehan") (Doc. No. 1500);

B. the Debtors' crisis manager, Marotta, Gund, Budd & Dzera, LLC ("MGBD") (Doc. No. 1503);

C. the Debtors' investment bank and M & A advisor, Houlihan Lokey Howard & Zukin Capital, Inc. ("Houlihan") (Doc. No. 1497);

D. the Committee's attorneys, Murtha Cullina LLP ("Murtha Cullina") (Doc. No. 1499); and

E. the Committee's financial advisor, Mesirow Financial Consulting LLC ("Mesirow") (Doc No. 1501).

In addition, MGBD filed a motion for allowance of an administrative expense claim in accordance with the terms of its amended management agreement (Doc. No. 1498). The UST filed an objection to MGBD's motion (Doc. No. 1629).

The UST filed objections to the fee applications of Dreier (Doc. No. 1624), Sheehan (Doc. No. 1632), MGBD (Doc. No. 1629), Murtha Cullina (Doc. No. 1630), and Mesirow (Doc. No. 1631). The UST's objections raise such issues as duplicate entries, excessive hourly rates and billing, inappropriate expenses, and failure to provide documentation. The UST also argues that many of the fees are difficult to justify based on the results achieved in these

cases. In addition, given the estates' apparent administrative insolvency, the UST suggests it is premature to make any rulings until all chapter 7 and 11 administrative expenses are known. Lastly, she argues that the issues raised by Costa in his objections to the fee applications should be addressed first so that the full merits of the professionals' services can be properly assessed.

Costa filed separate objections to the fee applications of Dreier (Doc. No. 1610), MGBD (Doc. No. 1608), and Murtha Cullina (Doc. No. 1611) as well as an omnibus objection to the fee applications of Dreier, MGBD, Houlihan, Murtha Cullina, and Mesirow (Doc. No. 1609) (the "Omnibus Objection"). In the Omnibus Objection, Costa objects to the fee applications to the extent they seek any award of compensation through the application of so-called "carve-outs" under the various cash collateral orders. In his objection to Dreier's fees, Costa alleges that Dreier's services harmed the estates, that Dreier committed malpractice and fraud, and that certain activities were not beneficial to the estate. In his objection to MGBD's fees, Costa alleges that MGBD also committed malpractice and fraud and that it failed to disclose material conflicts of interest. In his objection to Murtha Cullina's fees, Costa alleges that Murtha Cullina's services did not confer any benefit on the Debtors' estates or creditors.

The Trustee did not file any objections to the fee applications. Instead, he filed a response and recommendation with respect to the fee applications of Murtha Cullina and Mesirow (Doc. No. 1642) and motions to approve settlement agreements with Dreier (Doc. No. 1654) and MGBD (Doc. No. 1650) (collectively the "Settlement Motions"). The recommendations, if followed, and the settlements, if approved, would result in a reduction of fees.

The Court held a procedural status hearing on the fee applications and objections thereto on May 5, 2006. At the hearing, the Trustee indicated he would be filing a motion to approve a settlement agreement with Sheehan as well. To date, no such motion has been filed with the Court. At the hearing, the UST and Costa did not pursue any objection to the Houlihan application and the Court entered an order approving final fees and expenses for Houlihan (Doc. No. 1659). The UST and Costa also agreed that the objections to the final fee applications of Murtha Cullina and Mesirow did not involve any counterclaim or defense raising issues of malpractice or fraud and would not require an evidentiary hearing. Accordingly, the Court continued the hearing on the Murtha Cullina and Mesirow final fee applications and the Omnibus Objection to May 22, 2006, for argument.[1] The Court finds that the objection to the final fee application of Sheehan also does not involve any counterclaim or defense raising issues of malpractice or fraud. Accordingly, at such time as the Trustee files a motion to approve any settlement with Sheehan or requests a further hearing on the Sheehan final fee application, the Court shall schedule a hearing. The balance of this opinion deals then with the legal and procedural issues involved in resolving the objections to the Dreier and MGBD final fee applications, MGBD's separate motion for allowance of an administrative expense claim, and the Settlement Motions.

## III. DISCUSSION

### A. *Iannochino* and Circuit Case Law

█ Pursuant to a decision of the United States Court of Appeals for the First

---

1. The Omnibus Objection does not involve the substantive and procedural issues that were raised in the separate objections to the Dreier and MGBD fee applications.

Circuit (the "First Circuit") in *Iannochino v. Rodolakis (In re Iannochino)*, the approval of the final fee applications of Dreier and MGBD by the Court would bar any later malpractice or fraud claim against those professionals on principles of *res judicata. Iannochino v. Rodolakis (In re Iannochino)*, 242 F.3d 36 (1st Cir.2001). Two other circuit courts of appeal have applied the rationale stated by the First Circuit in *Iannochino* to malpractice claims brought after entry of a final order approving fees and expenses of professionals under § 330 of the Bankruptcy Code. *Grausz v. Englander*, 321 F.3d 467 (4th Cir.2003); *Osherow v. Ernst & Young, LLP (In re Intelogic Trace, Inc.)*, 200 F.3d 382 (5th Cir.2000). All three cases involved claims of postpetition malpractice by professionals who were retained with bankruptcy court approval. All three circuit courts held that a claim or defense based upon malpractice involves the same assessment of the nature and quality of professional services provided to the bankruptcy estate and the debtor in possession or trustee that is required when evaluating professional services in connection with a fee application. *Grausz*, 321 F.3d at 473; *Iannochino*, 242 F.3d at 41–42; *Intelogic Trace*, 200 F.3d at 387–88. Accordingly, the failure to raise the malpractice claims when the final fee applications were considered and approved by the bankruptcy court barred any later litigation of such claims under principles of *res judicata. Grausz*, 321 F.3d at 475; *Iannochino*, 242 F.3d at 49; *Interogic Trace*, 200 F.3d at 391. In all three cases, the circuit courts found that the party raising the malpractice claim could have and should have raised the issue in connection with the bankruptcy court's consideration of the final fee applications. *Grausz*, 321 F.3d at

474; *Iannochino*, 242 F.3d at 43; *Intelogic Trace*, 200 F.3d at 388–89.

The circuit courts further explained that a contested fee application matter would become an adversary proceeding in accordance with Federal Rule of Bankruptcy Procedure ("Rule") 3007[2] if an objection to the application included a claim for affirmative relief based on alleged malpractice by a professional because a final fee application is a claim and an objection to such a claim, when combined with a claim for monetary damages, is a demand for relief of the kind specified in Rule 7001. *Grausz*, 321 F.3d at 474, 471; *Iannochino*, 242 F.3d at 48; *Intelogic Trace*, 200 F.3d at 389–90; Fed. R. Bankr.P. 7001(1).

### B. Factual Differences

The facts in the Debtors' cases differ from the facts in the three circuit court opinions cited above in two material respects: Costa's objections do not include a request for affirmative relief and Costa does not have standing to pursue malpractice or fraud claims against the professionals.

### 1. No Request for Affirmative Relief

While Costa's objections to the Dreier and MGBD final fee applications are based in substantial part on claims of malpractice or fraud, they do not seek affirmative relief in the form of damages from the applicants. Costa's requested relief includes only (1) denial of the final fee applications, (2) disgorgement of all fees and expenses previously paid under interim fee orders, and (3) "such other and further relief as just and necessary." Such relief does not involve affirmative recovery of damages from the applicants. Rather, any payments to the applicants under interim fee

**2.** Rule 3007 provides "if an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding."

orders were made solely to relieve hardship on the professional and were on account of a final fee award. While disgorgement would be required if the final fee applications were to be denied, in whole or in part, such disgorgement is not affirmative relief but simply a repayment of funds paid in anticipation of a final fee award. Until a final fee award is entered by the Court, the applicants do not have a right to the interim payments. Unlike the present cases, however, the circuit court cases all involved attempts to recover on a malpractice claim *after* a final fee award. *Grausz,* 321 F.3d at 471; *Iannochino,* 242 F.3d at 38; *Intelogic Trace,* 200 F.3d at 385.

In addition, in *Iannochino,* the First Circuit found that although the malpractice claims of the former chapter 13 debtors were counterclaims and/or defenses to the final fee application of their chapter 13 counsel, the failure to raise a defensive counterclaim did not necessarily bar a later action on a malpractice claim. *Iannochino,* 242 F.3d at 41. It was the fact that the former chapter 13 debtors were seeking affirmative relief, not merely raising a defensive counterclaim, that would have required an adversary proceeding if it had been raised as an objection to the final fee application. *Id.* at 48. It was the failure of the former chapter 13 debtors to avail themselves of that procedure that barred their later malpractice suit under principles of *res judicata. Id.* at 49.

Thus, it is not clear to the Court that Costa's objections to the Dreier and MGBD fee applications become adversary proceedings pursuant to Rule 3007 under the rationale of *Iannochino.* Nothing in Rules 3007 or 7001 appear to require an adversary proceeding simply because a claim of fraud or malpractice is made, absent a claim for affirmative relief.

## 2. Lack of Standing to Assert Claims

■ In the three circuit court cases, the party raising the malpractice claim had standing to raise such a claim without leave of the court. *Grausz,* 321 F.3d at 473 (being raised by the former individual chapter 11 debtor in possession); *Iannochino,* 242 F.3d at 43 (being raised by the former chapter 13 debtors); *Intelogic Trace,* 200 F.3d at 388 (being raised by the chapter 7 trustee in a case commenced under chapter 11). The cases before this Court involve prior corporate chapter 11 debtors and debtors in possession and claims of malpractice and fraud that arose postpetition but prior to the cases being converted to chapter 7. Claims of malpractice and fraud that arise during the performance of services for a debtor or a debtor in possession in a chapter 11 proceeding are property of the bankruptcy estate. 11 U.S.C. § 541(a)(7); *Bezanson v. Thomas,* 402 F.3d 257, 265 (1st Cir.2005) (holding that claims for alleged legal malpractice and breach of fiduciary duty against attorneys that represented the chapter 11 debtor in possession belonged to the bankruptcy estate and, upon conversion of the case to chapter 7, such claims belonged to the chapter 7 trustee as successor to the debtor in possession); *see also Correll v. Equifax Check Servs., Inc.,* 234 B.R. 8, 11 (D.Conn.1997) (explaining that 11 U.S.C. § 541(a)(7) expressly provides that any interest in property acquired by the estate after commencement of the bankruptcy, including a cause of action, is considered to be part of the estate). After conversion of a case to chapter 7, the decision to pursue, or not to pursue, a claim belongs to the trustee. 11 U.S.C. § 323; *Estate of Spirtos v. One San Bernardino County Superior Court Case Numbered SPR 02211,* 443 F.3d 1172, 1176 (9th Cir.2006) (holding that the Bankruptcy Code endows the bankruptcy

trustee with the exclusive right to sue on behalf of the estate); *Bezanson*, 402 F.3d at 265.

■ Costa, not the Trustee, has raised the malpractice and fraud claims in his objections to the fee applications of Dreier and MGBD.[3] Unlike the parties in the three circuit court cases, Costa does not have standing to bring such claims without leave of the Court. *See Scott v. Nat'l Fin. Enters., Inc.*, 432 F.3d 557 (4th Cir.2005) (holding creditors lacked standing to file an adversary action asserting the interests of the estate in seeking to prevent a former principal of the debtor from interfering with the chapter 11 reorganization given the lack of showing of the debtor's consent and any determination by the bankruptcy court that the suit would be beneficial to the estate and necessary to a fair and efficient resolution of the bankruptcy proceedings); *DiStefano v. Stern (In re J.F.D. Enters., Inc.)*, 223 B.R. 610, 621–22 (Bankr.D.Mass.1998) (indicating a trustee has the right to pursue postpetition claims on behalf of the estate and only under certain circumstances, and with express approval of the bankruptcy court, may an individual creditor be permitted to pursue such claims). Thus, the Trustee is the only party who has the right to assert claims of malpractice and fraud against the Debtors' professionals, without leave of the Court.

### C. Procedural and Substantive Due Process Issues

The procedural and substantive differences between the objections remaining contested matters or becoming adversary proceedings do not appear to be material. Objections to fee applications are contested matters that, unless the Court orders otherwise, are governed by many of the disclosure and discovery rules applicable in adversary proceedings. Fed. R. Bankr.P. 9014. If Costa's objections become adversary proceedings pursuant to Rule 3007, then all of the disclosure, discovery, and procedural provisions of Part VII of the Federal Rules of Bankruptcy Procedure ("Part VII") will apply. Since the Court can order that all of the Part VII procedural rules apply in contested matters and the burden of proof will be the same, no party should be prejudiced by the objections being decided as contested matters. *See Fleet Nat'l Bank v. Valente (In re Valente)*, 360 F.3d 256, 265 (1st Cir.2004) (holding that, although the matter should have been initiated by a complaint rather than a motion, the debtor was not prejudiced by proceeding as a contested matter).

Rule 7015 regarding amendment of pleadings is not applicable in contested matters unless otherwise ordered by the Court. Fed. R. Bankr.P. 9014(b); *In re Smith*, 315 B.R. 636, 639 (Bankr.D.Mass. 2004). Costa has included in his objections a request for "such other and further relief as just and necessary." Therefore, Costa could seek to amend the relief requested in his objections under general principles of federal court practice that favor the amendment of pleadings as long as no party is prejudiced. *Smith*, 315 B.R. at 639 (permitting a debtor to amend his motion to avoid a lien where the amendment would not prejudice the respondent's defense on the merits); *see also* Fed. R.Civ.P. 15; *Dugan v. Wyvern Aviation Consulting Ltd. (In re FlightTime Corp.)*, 302 B.R. 114, 116 (1st Cir. BAP 2003) (highlighting the liberal amendment policy under Federal Rule of Civil Procedure 15).

---

**3.** While the Trustee has not directly raised claims of misconduct against the various chapter 11 professionals, the Settlement Motions do address those issues.

■ The resolution of the malpractice and fraud claims raised by Costa require the Court to provide all parties with procedural and substantive due process of law. Those due process rights can be provided in a contested matter as well as in an adversary proceeding. *Valente*, 360 F.3d at 265. Costa's objections could be amended to request affirmative relief, in which event the contested matters would become adversary proceedings, or the Court would need to consider entering an order making most, if not all, of the Part VII rules applicable in the contested matters. Considering the ambiguity of the requirements of the *Iannochino* decision on the facts of this case, and the important due process considerations, the Costa and UST objections to the Dreier and MGBD fee applications shall become adversary proceedings pursuant to Rules 3007 and 9014(b).

### D. Procedure Regarding Conversion to Adversary Proceedings

For the reasons discussed above, any claims arising from malpractice or fraud by chapter 11 professionals belong to the bankruptcy estate and are administered by a trustee upon conversion to chapter 7. For that reason, by separate order, the Court shall direct the clerk to open an adversary proceeding with the Trustee as plaintiff and Dreier as defendant.[4] Costa's objection shall be docketed as the complaint and Dreier's fee application shall be docketed as the answer. The Trustee's settlement motion shall also be docketed in the adversary. Other related pleadings shall be docketed in the adversary as well. Another adversary proceeding shall be opened with the Trustee as plaintiff and MGBD as defendant. Similar docket en-

tries shall be ordered in that adversary proceeding. In addition, MGBD's motion for allowance of an administrative expense claim shall also be docketed in that adversary proceeding. After the adversary proceedings are opened, the Court shall enter procedural orders with respect to the scheduling and conduct of hearings on the Settlement Motions. The Court shall also issue separate orders regarding the requirements of Rules 7008 and 7012.

## IV.  CONCLUSION

This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue separate orders consistent with this opinion.

---

4. Although Costa is not a party to the adversary proceedings, he is a party in interest in the bankruptcy case and has the right to notice, the right to object, and the right to appear and be heard on any motion by the

Trustee for approval·of a settlement of any adversary proceeding. *Kowal v. Malkemus (In re Thompson)*, 965 F.2d 1136, 1140 (1st Cir.1992); Fed. R. Bankr.P.2002(a)(3) and 9019(a).