James **STANLEY** d/b/a Stanley Paint Company, Plaintiff,

v.

The **SHERWIN–WILLIAMS COMPANY**, Defendant.

Civ. A. No. 92–0091–A.

United States District Court, W.D. Virginia, Abingdon Division.

June 21, 1993.

Edward Gaines Stout, Jr., Bressler, Curcio & Stout, Bristol, VA, for plaintiff.

Jane Siobhan Glenn, Fishwick, Jones & Glenn, Roanoke, VA, for defendant.

### MEMORANDUM OPINION

WILSON, District Judge.

This is an action by plaintiff James Stanley against the Sherwin–Williams Company for interference with contractual relations. Stanley is a Virginia resident and Sherwin–Williams is an Ohio corporation with its principal place of business in that state, and there is more than $50,000 in controversy exclusive of interest and costs. Accordingly, there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. The court finds that Stanley was required, but failed, to schedule his claim against Sherwin–Williams as a contingent asset in his personal bankruptcy and that the trustee has not abandoned the claim. The court, therefore, dismisses Stanley's complaint because he lacks standing.

### I.

On September 18, 1990, Stanley, a painting contractor doing business as the Stanley Paint Company, filed a joint petition in bankruptcy with his wife for reorganization under Chapter 11 of the U.S. Bankruptcy Code. In March 1991 the Stanleys filed their plan and schedule of assets. According to their schedule of assets, the Stanleys had no "contingent or unliquidated claims" or "counterclaims" and no unscheduled property. In the spring of 1991 the Stanleys entered into four painting contracts with the Lowe's Corporation. The contracts called for the Stanleys to paint four Lowe's buildings using Sherwin–Williams paints. Sherwin–Williams, however, informed the Stanleys in July that it would not guarantee any paints the Stanleys purchased or applied, although it would guarantee paints purchased or applied by anyone else, thus giving rise to this cause of action for interference with contractual relations. Stanley did not amend his schedule of assets to include the cause of action against Sherwin–Williams. In November the Stanleys converted from Chapter 11 to Chapter 7; in December they ceased doing business; and in January 1992 they discharged their liabilities in bankruptcy, including more than $65,000 they owed to Sherwin–Williams. Later, Stanley commenced this suit against Sherwin–Williams for interference with contractual relations. Sherwin–Williams has moved for summary judgment because Stanley's claim against Sherwin–Williams arose before his discharge in bankruptcy and was never abandoned by the trustee.

### II.

■ Abandonment is governed by 11 U.S.C. § 554. Property of the estate may be abandoned in two ways. First, it may be formally abandoned after "notice and a hearing." 11 U.S.C.A. § 554(a) (West Supp.1993). Second, it may be abandoned by operation of law if it has been scheduled and not "otherwise administered" at the time the case is closed. 11 U.S.C.A. § 554(c). "Property of the estate that is not abandoned under [§ 554] and that is not administered in the case remains property of the estate." 11 U.S.C.A. § 554(d). Whatever cause of action that Stanley had against Sherwin–Williams existed prior to his discharge. It was, therefore, property of the estate. As the cause of action was not formally abandoned and was not abandoned by operation of law because it was not formally scheduled, it remains property of the estate. Accordingly, Stanley lacks standing because the cause of action is not his to assert, and this suit must be dismissed.

Stanley has filed the trustee's affidavit to the effect that the trustee had knowledge of Stanley's claim and determined that the claim had "little probable value to creditors." (Wick Aff. ¶ 4). It follows, according to Stanley, that the claim was, in effect, administered by the trustee and,

therefore, abandoned. The court disagrees.

11 U.S.C. § 554 was intended to clarify and add certainty to the law of abandonment:

> Because the former statute was silent about a general right to abandon, it made no provision as to what constituted abandonment and what the trustee was required to do to disclaim property. Many courts held that a formal act was not absolutely essential and that any clear manifestation of the trustee's intent to disclaim would suffice. But whether a manifestation of intent was clear enough frequently raised difficult questions of fact, particularly where the manifestation consisted of inaction rather that action.

4 COLLIER ON BANKRUPTCY, ¶ 554.01 (Lawrence P. King et al. eds., 15th ed.1993).[1] It would be neither desirable nor consistent with § 554 to resolve abandonment questions by returning to the uncertain practice of attempting to determine the trustee's intentions. Rather, the court follows the Eighth Circuit, which holds:

> [I]n order for property to be abandoned by operation of law pursuant to section 554(c), the debtor must formally schedule the property before the close of the case. It is not enough that the trustee learns of the property through other means; the property must be scheduled pursuant to section 521(1).

*Vreugdenhill v. Navistar Int'l Transp. Corp.,* 950 F.2d 524, 526 (8th Cir.1991); *accord In re Pace,* 146 B.R. 562, 566 (9th Cir. BAP 1992); *In re Fuller,* 146 B.R. 633, 639 (Bankr.S.D.N.Y.1992).

### III.

For the reasons stated, Stanley's complaint will be dismissed.

---

**1.** Prior to the enactment of § 554 an unscheduled asset of which the Trustee had full knowledge could be abandoned without notice and a hearing. *See generally In re Webb,* 54 F.2d 1065 (4th Cir.1932).