IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 15, 2005 Session

## KATHRYN HEADRICK v. BRADLEY COUNTY MEMORIAL HOSPITAL, ET AL.

**Appeal from the Circuit Court for Bradley County**
**No. V-99-380     Lawrence Puckett, Judge**

**No. E2005-00925-COA-R3-CV - FILED JANUARY 31, 2006**

In this appeal, the issue presented is whether a party has standing to pursue a personal injury claim in state court that accrued after the filing of the party's bankruptcy petition and before the closing of the bankruptcy case. Ms. Headrick filed a Chapter 13 bankruptcy petition. While the bankruptcy case was pending, Ms. Headrick was involved in a single car accident and was treated for her injuries by Dr. Daniel Johnson at Bradley County Memorial Hospital. Subsequently, she converted her Chapter 13 bankruptcy case to a Chapter 7 bankruptcy case. While the Chapter 7 case was still pending, she discovered that she suffered a hip fracture in the car accident which she alleges that Dr. Johnson and the Hospital failed to timely diagnose and treat. Thereafter, Ms. Headrick received a discharge in bankruptcy and the bankruptcy case was closed. Ms. Headrick then filed a medical negligence case against Dr. Johnson and Bradley Memorial Hospital. The Defendants filed a motion for summary judgment asserting that Ms. Headrick did not have standing to bring the case. The trial court agreed and dismissed the case. After review of the record and applicable authorities, we hold that Ms. Headrick's post-bankruptcy cause of action is not part of the bankruptcy estate and therefore, as a matter of law Ms. Headrick did have standing to bring the lawsuit. The trial court's decision is reversed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Cause Remanded

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Shelley I. Stiles, Brentwood, Tennessee, and Robert J. Shockey, Nashville, Tennessee, for the appellant, Kathryn Headrick.

Arthur P. Brock and Timothy J. Millirons, Chattanooga, Tennessee, for the appellee, Daniel Johnson, M.D., individually and d/b/a Southeast Tennessee Orthopaedics.

Sue E. Scruggs and Blake F. Murchison, Chattanooga, Tennessee, for the appellee, Bradley County Memorial Hospital.

## OPINION

### I.

This appeal involves a claim for medical negligence intertwined with a bankruptcy case. On January 10, 1997, Kathryn Headrick filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Tennessee. In the schedule of personal property attached to her petition, Ms. Headrick stated that there were no unliquidated claims of any nature. On December 4, 1997, Ms. Headrick was injured in a one-car accident. She was treated at Bradley County Memorial Hospital ("the Hospital") by Dr. Daniel Johnson of Southeast Tennessee Orthopaedics for injuries that included a broken arm and a broken leg. On March 3, 1998, Ms. Headrick filed a notice with the bankruptcy court to convert her Chapter 13 case to a Chapter 7 case.[1] She listed Dr. Johnson and the Hospital as creditors. On April 24, 1998, a bankruptcy creditors meeting was held in the case which was described as being a "no assets" case. On either April 30, 1998, or May 1, 1998, Ms. Headrick discovered that she had a fractured hip that she claimed Dr. Johnson and the Hospital failed to properly diagnose and treat following her car accident in December of 1997. Ms. Headrick did not list or otherwise identify the potential cause of action against Dr. Johnson or the Hospital as an asset in any of the bankruptcy schedules. She did not amend her bankruptcy filings to disclose the potential medical negligence claim. On November 24, 1998, her bankruptcy trustee filed a report stating that there was no property available for distribution from the estate over and above that exempt by law. On November 30, 1998, the bankruptcy court entered an order discharging Ms. Headrick of her debts. On March 17, 1999, a final decree was entered in the Chapter 7 bankruptcy case and the case was closed. The next month, on April 28, 1999, Ms. Headrick filed suit against Dr. Johnson and the Hospital alleging that they had negligently failed to diagnose and treat her hip fracture and that she had been damaged by this omission. Dr. Johnson and the Hospital filed a motion for summary judgement seeking a dismissal of Ms. Headrick's lawsuit on the basis of the bankruptcy filings. The trial court, relying on this Court's opinion in *Tangwall v. Stapleton,* No. E2001-02121-COA-R3-CV, 2002 WL 1723692, (Tenn. Ct. App. E.S., filed July 25, 2002) *no appl. perm. filed,* determined that once Ms. Headrick filed for bankruptcy, her cause of action against Dr. Johnson and the Hospital became a part of the bankruptcy estate, and the trustee in bankruptcy became the proper party to bring these actions. Concluding that at the time Ms. Headrick filed the lawsuit she did not have legal standing to bring the case, the trial court dismissed the case as to Ms. Headrick, but not as to the bankruptcy trustee. Ms. Headrick appeals and seeks our review of the trial court's decision.

---

[1] In a Chapter 13 bankruptcy case, a portion of a debtors' future earnings is collected by a trustee and paid to creditors. A Chapter 13 debtor does not receive a discharge of debts, but is allowed to extend or reduce the debt load through a plan of rehabilitation. In a Chapter 7 bankruptcy case, the trustee collects and liquidates a debtor's assets and the debtor receives a discharge of debts.

II.

The sole issue we address in this appeal is whether the trial court erred in dismissing Ms. Headrick's lawsuit by summary judgment upon grounds that Ms. Headrick lacked standing to pursue the cause of action because it was property of her bankruptcy estate and was not disclosed to her bankruptcy trustee during the pendency of her bankruptcy.

III.

Summary judgments enable courts to conclude cases that can and should be resolved on dispositive legal issues. *See Byrd v. Hall,* 847 S.W.2d 208, 210 (Tenn. 1993); *Airport Props. Ltd. v. Gulf Coast Dev., Inc.,* 900 S.W.2d 695, 697 (Tenn. Ct. App.1995). They are appropriate only when the facts material to the dispositive legal issues are undisputed. Accordingly, they should not be used to resolve factual disputes or to determine the factual inferences that should be drawn from the evidence when those inferences are in dispute. *See Bellamy v. Federal Express Corp.,* 749 S.W.2d 31, 33 (Tenn. 1988).

To be entitled to a summary judgment, the moving party must demonstrate that no genuine issues of material fact exist and that he or she is entitled to judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04; *Byrd v. Hall,* 847 S.W.2d at 210; *Planet Rock, Inc. v. Regis Ins. Co.,* 6 S.W.3d 484, 490 (Tenn. Ct. App.1999). A summary judgment should not be granted, however, when a genuine dispute exists with regard to any material fact. *Seavers v. Methodist Med. Ctr.,* 9 S.W.3d 86, 97 (Tenn. 1999); *Hogins v. Ross,* 988 S.W.2d 685, 689 (Tenn. Ct. App. 1998). Our task on appeal is to review the record to determine whether the requirements for granting summary judgment have been met. *See Hunter v. Brown,* 955 S.W.2d 49, 50-51 (Tenn. 1997); *Aghili v. Saadatnejadi,* 958 S.W.2d 784, 787 (Tenn. Ct. App. 1997). Tenn. R. Civ. P. 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993). A party seeking a summary judgment must demonstrate the absence of any genuine and material factual issues. *Byrd v. Hall,* 847 S.W.2d 208, 214 (Tenn. 1993).

When the party seeking summary judgment makes a properly supported motion, the burden shifts to the non-moving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall*, 847 S.W.2d at 215. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). The non-moving party may not simply rest upon the pleadings, but must offer proof by affidavits or other discovery materials (depositions, answers to interrogatories, and admissions on file) provided by Rule 56.06 showing that there is a genuine issue for trial. If the non-moving party does not so respond, then summary judgment, if appropriate, shall be entered against the non-moving party. Tenn. R. Civ. P. 56.06.

Summary judgments do not enjoy a presumption of correctness on appeal. *See Nelson v. Martin,* 958 S.W.2d 643, 646 (Tenn. 1997); *City of Tullahoma v. Bedford County,* 938 S.W.2d 408, 412 (Tenn. 1997). Accordingly, when we review a summary judgment, we view all the evidence in the light most favorable to the non-movant, and we resolve all factual inferences in the non-movant's favor. *See Luther v. Compton,* 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox County Bd. of Educ.,* 2 S.W.3d 927, 929 (Tenn. 1999). A summary judgment will be upheld only when the undisputed facts reasonably support one conclusion - that the moving party is entitled to a judgment as a matter of law. *See White v. Lawrence,* 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder,* 913 S.W.2d 150, 153 (Tenn. 1995).

IV.

The trial court's order dismissing Ms. Headrick's case provided as follows:

> Defendant's Motions for Summary Judgment are controlled by the case of Tangwell v. Stapleton et al, LEXIS 2002 Tenn. App. LEXIS 542, and the opinion authored by Judge Franks. Although that case involved a cause of action which had accrued before the filing of the plaintiff's Bankruptcy Petition and the case here does not, the Bankruptcy Code burdens the petitioner with a continuing responsibility to disclose to the trustee, during the pendency of the Bankruptcy Proceedings, a personal injury malpractice cause of action she realizes has accrued to her during the course of the Bankruptcy. [FN1 U.S.C. § 541(a)(7).] Under the Bankruptcy Code, plaintiff's cause of action against these defendants became a part of the Estate in Bankruptcy and the Trustee in Bankruptcy became the proper party to bring these actions. [FN2 11 U.S.C. § 554(c) and (d).] Which, as Judge Franks opined, means that the bankrupt plaintiff loses legal standing to bring them. [FN3 Tangwell v. Stapleton]
>
> Therefore, the motions of the defendants are granted and the case is dismissed with prejudice as to Kathryn Headrick, but not as to the Trustee in Bankruptcy.

Under the United States Bankruptcy Code, when a debtor files a bankruptcy petition, a bankruptcy estate is created which includes all of the debtor's legal or equitable interests in property as of the commencement of the case. 11 U.S.C. §541 (a)(1). These interests in property include causes of action. *Bauer v. Commerce Union Bank,* 859 F.2d 438, 441 (6th Cir. 1988). Upon the appointment of a trustee in bankruptcy, the trustee succeeds to all causes of action formerly held by the debtor, and the debtor lacks standing to pursue those causes of action. 11 U.S.C. §323(a); *Bowie v. Rose Shanis Financial Services, LLC,* 862 A.2d. 1102 (Md. Ct. App. 2004); *Vucak v. City of*

*Portland,* 96 P.3d 362 (Or. Ct. App. 2004).  Property that the debtor schedules in the petition that has not been administered when the court closes the case is abandoned to the debtor. 11 U.S.C. §554(c).  But estate property which is not administered as part of the bankruptcy case and which is not abandoned to the debtor under section 554 remains property of the estate.

As we have noted, Ms. Headrick's bankruptcy was converted  from a Chapter 13 case to a Chapter 7 case on March 3, 1998.  The Bankruptcy Code, 11 U.S.C. §348(a), provides:

> Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, ... does not affect a change in the date of the filing of the petition, the commencement of the case, or the order of relief.

Subsection (f)(1)(A) of § 348 further provides that when a case under chapter 13 is converted to a case under another chapter such as Chapter 7:

> [P]roperty of the estate in the converted case shall consist of property of the estate, *as of the date of the filing of the petition,* that remains in the possession of or is under the control of the debtor on the date of conversion.

(emphasis added).

Accordingly, when a case is converted from Chapter 13 to Chapter 7, we must look to the date of the filing of the Chapter 13 case to identify the property of the Chapter 7 estate as defined by §541.  See also *In re Peters*, 44 B.R. 68, 70 (Bankr. M.D. Tenn. 1984).   Ms. Headrick filed her Chapter 13 case on January 10, 1997.  Her cause of action originated with an injury that occurred on December 4, 1997 -  approximately 11 months after her case commenced under Chapter 13.  She did not discover her cause of action until late April or early May of 1998 - approximately 16 months after her case commenced under Chapter 13.  Thus, Ms. Headrick's cause of action had not arisen when she filed her Chapter 13 petition and therefore, pursuant to §348, it did not become property of the Chapter 7 bankruptcy estate.

The trial court indicates that it relied upon *Tangwall v. Stapleton, et al* in reaching its decision.  In *Tangwall,* we affirmed the trial court's ruling that the plaintiff did not have standing to assert a cause of action that he had failed to set forth in his bankruptcy schedules and that the cause of action remained a part of the plaintiff's bankruptcy estate under control of the bankruptcy trustee. However, that case is readily distinguishable from the present matter because under the facts in *Tangwall* the cause of action at issue accrued before the debtor filed his bankruptcy petition.

Although in the case now before us the trial court acknowledged this distinction, the trial court determined that 11 U.S.C. § 541(a)(7) imposed a duty upon Ms. Headrick to disclose a cause of action accruing during the pendency of her bankruptcy case. We respectfully disagree.

11 U.S.C. §541(a)(7) provides that "[any] interest in property that *the estate* acquires after the commencement of the case" is included in the property of the bankruptcy estate. (emphasis added). Property acquired by *the estate* should not be confused with property acquired by *the debtor*. § 541(a)(7) applies only to property that is acquired post-petition by the *bankruptcy estate*. It does not apply to property that is acquired post-petition by the *debtor*. *In re Doemling*, 127 B.R. 954, 956 (W.D. Penn. 1991). See also *Casey v. Hochman, M.D.,* 963 F.2d 1347 (10th Cir.1982). Ms. Headrick's cause of action was not acquired by the estate, but by her individually as a result of an injury to her person, and any recovery she might realize as a result of her lawsuit would be to compensate for that personal injury, not to compensate for an injury to the estate. §541(a)(7) does not bring Ms. Headrick's cause of action within the bankruptcy estate.

The appellees cite *Stanley v. Sherwin-Williams Co.*, 156 B.R. 25 (W.D. Va. 1993) in support of the trial court's ruling in this matter. In *Stanley*, the debtor, a painting contractor, filed a petition under Chapter 11 of the Bankruptcy Code. Thereafter, a cause of action arose in favor of the debtors against the Sherwin-Williams Company for interference with contractual relations. The debtor's bankruptcy case then converted to Chapter 7 and the debtor subsequently received a discharge of his debts under that chapter. After receiving his discharge, the debtor filed suit against Sherwin-Williams. At no time did the debtor amend his bankruptcy schedule of assets to include the cause of action. The Court ruled that because the debtor's cause of action existed prior to his discharge, it was property of the bankruptcy estate. The Court determined that the property remained property of the estate because it had neither been formally abandoned nor abandoned by operation of law as scheduled property. Accordingly, the Court held that the debtor lacked standing because the cause of action was not his to assert.

In their brief, the appellees state that we relied on *Stanley* in our opinion in *Tangwell*. While we did cite *Stanley* in the latter case, we did so only for the proposition that "[i]f a cause of action is not formally scheduled, it will remain property of the estate, having been neither administered nor abandoned by the trustee, and the debtor will have no standing to assert it." *Tangwell, id*. at *7. We did not rely upon *Stanley* for the proposition that a debtor lacks standing to assert an unscheduled cause of action acquired post-petition, and we do not agree with that holding.

Our review of applicable case law reveals a split of authority with regard to the issue of whether a debtor's cause of action that arises post-petition is property of the bankruptcy estate, as discussed in *Charts v. Nationwide Mutual Insurance Co.*, 300 B.R. 552 (D. Conn. 2003). In *Charts*, the plaintiffs husband and wife filed a Chapter 7 petition. A few months thereafter and prior to their discharge, husband, who operated an insurance agency, entered into an agency agreement with the defendant. Subsequently, the defendant cancelled the agreement, giving rise to claims in favor of

the plaintiffs. As in the matter *sub judice,* the plaintiffs failed to disclose these claims during the pendency of their bankruptcy, and in their motion for summary judgment, the defendants argued that the claims constituted property of the estate and therefore, the plaintiffs could not assert them for lack of standing. Upon review of a recommended ruling that the plaintiffs' claims should be deemed to be estate property, the Court noted that various cases, among them *Stanley v. Sherwin-Williams Co.,* had addressed the issue and had reached disparate conclusions:

> In the recommended ruling on the original motion for summary judgment, the Court relied on *Correll v. Equifax Check Servs., Inc.,* 234 B.R. 8 (D. Conn. 1997), in which the Court held that pursuant to § 541(a)(7), a Fair Debt Collection Act cause of action arising out of dunning letters received by the debtor after the bankruptcy petition was filed constituted property of the estate. *See Correll*, 234 B.R. at 10. Other courts have reached similar conclusions based on § 541(a)(7). *See Polvay*, 1997 WL 188127, at *2 ("Causes of action arising after the debtor files for bankruptcy generally become part of the estate."); *Stanley v. Sherwin-Williams Co.,* 156 B.R. 25 (W.D.Va. 1993)(debtor did not have standing to maintain cause of action for interference of contractual relations which arose prior to the discharge of his estate); *In re Griseuk*, 165 B.R. 956, 957-59(Bankr.M.D.Fl. 1994)(holding that personal injury action arising during the pendency of the bankruptcy proceedings was property of the estate); *DeLarco v. DeWitt*, 136 A.D.2d 406, 408, 527 N.Y.S.2d 615 (N.Y. App. Div. 1988) ("Upon the filing of a voluntary bankruptcy petition, all property which a debtor owns or subsequently acquires, including a cause of action, vests in the bankruptcy estate.") However, other courts have held that post-petition, pre-discharge causes of action under similar circumstances are property of the debtor. *See In re Durrett,* 187 B.R. 954, 413, 417-19 (Bankr.D.N.H. 1995) (personal injury action arising post-petition did not become part of the bankruptcy estate); *In re Doemling*, 127 B.R. 954, 955-56 (W.D.Pa. 1991) (tort claim arising out of post-petition automobile accident was property of the debtor, rather the estate).
>
> Taken together, these cases indicate that there may be no bright-line test for whether a cause of action that accrues post-petition will be included as part of the bankruptcy estate. Rather, in making such a determination, the Court should consider *whether the cause of action "is sufficiently rooted in*

> *the pre-bankruptcy past and so little entangled with the bankrupt's ability to make an unencumbered fresh start.*" *Doemling,* 127 B.R. at 957 (citing *Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966) and noting that it is still controlling despite the revision of the bankruptcy code in 1978) (internal quotations omitted).

(emphasis added).

The Court in *Charts* held that the plaintiffs did not lack standing to pursue their claims because the claims "did not involve matters that could be traced to the plaintiffs' pre-petition conduct" and the agreement out of which the claims arose "was not 'rooted in the debtor's pre-bankruptcy past' (which ended with the filing of the petition...)." *Charts*, *id*. at 558.

5-541 *Collier on Bankruptcy* ¶541.03 (Alan N. Resnick & Henry J. Sommer eds., 15th ed., 2005) provides as follows regarding whether property acquired by the debtor post-petition becomes property of the bankruptcy estate:

> As a general rule, the estate is normally comprised only of property interests belonging to the debtor at the time the petition is filed. In general, property of an individual not then owned but subsequently acquired by the debtor does not become property of the estate, but rather, becomes the debtor's personal property, clear of all claims that are ultimately discharged in the bankruptcy case.
>
> Under the statute, "any interest in property that the estate acquires after the commencement of the case" is included in "property of the estate" by section 541(a)(7). By obvious implication, property acquired postpetition by the *individual* debtor is usually not property of the estate. However, a case in the United States Supreme Court [*Segal v. Rochelle*, 382 U.S. 375 (1966)] concluded that when postpetition property "is [so] rooted in the pre-bankruptcy past and so little entangled with the bankrupt's ability to make an unencumbered fresh start [then] it should be" property of the estate.

(emphasis in original).

The exception noted by *Collier* to the general rule that after acquired property of a debtor does not constitute property of the bankruptcy estate is the same exception noted by the Court in *Charts* deriving from the Supreme Court's opinion in *Segal*. And even this exception has been

rejected in the recent case of *In re Holstein,* 321 B.R. 229,238 (N.D. Ill. 2005) (finding that the debtor in *Segal* had an interest in the subject asset when the bankruptcy was filed and that *Segal* "does not expand estate property to include legal or equitable interests a debtor acquires post-petition, as long as a clever trustee can tie those interests to the 'pre-bankruptcy past'".)

In the present case, the cause of action asserted by Ms. Headrick is not rooted in her "pre-bankruptcy past" and so, even under that exception, there is no basis for finding that her cause of action is property of her bankruptcy estate. Therefore, her failure to disclose the cause of action during the pendency of her bankruptcy should not stop her from asserting it at present. *See Farmer v. Taco Bell Corporation* 242 B.R.435, 441 (W.D. Tenn. 1999).

## V.

For the foregoing reasons, we reverse the judgment of the trial court and remand for further action consistent with this opinion. Costs on appeal are adjudged against the appellees, Daniel Johnson, M.D., individually and d/b/a/ Southeast Tennessee Orthopaedics, and Bradley County Memorial Hospital.

_____
SHARON G. LEE, JUDGE