IN THE COURT OF APPEALS OF TENNESSEE
AT MEMPHIS
January 19, 2011 Session

## LAMAR REYNOLDS v. LOUIS R. TOGNETTI and WENDEE L. TOGNETTI

**Direct Appeal from the Circuit Court for Fayette County**
**No. 4764     J. Weber McCraw, Judge**

_____

**No. W2010-00320-COA-R3-CV - Filed March 4, 2011**

_____

Before filing this personal injury action arising from an automobile accident, the plaintiff filed for Chapter 7 bankruptcy. Although the plaintiff's personal injury action accrued prior to his filing for bankruptcy, he omitted the potential claim from a schedule of assets in the bankruptcy petition. The plaintiff received a discharge in bankruptcy, and, shortly thereafter, filed the instant action. After the defendants moved for summary judgment, the plaintiff moved to amend his complaint in order to add the bankruptcy Trustee as a party. The trial court did not rule on the plaintiff's motion to amend, and instead granted the defendants summary judgment, finding that the plaintiff lacked standing and was judicially estopped from pursuing his personal injury claim. On appeal, we conclude that the trial court erred when it failed to rule on the plaintiff's motion to amend his complaint prior to adjudicating the defendants' summary judgment motion.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Circuit Court vacated and remanded.**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Richard G. Rosser, Somerville, Tennessee, for the appellant, Lamar Reynolds.

James F. Kyle, and Jessica M. Hackett, Memphis, Tennessee, for the appellees, Louis R. Tognetti and Wendee L. Tognetti.

**OPINION**

### I.  Factual and Procedural Background

This action arises from an automobile collision on January 31, 2005, between Plaintiff, Lamar Reynolds, and Defendant, Wendee Tognetti. The case involves two separate proceedings: (1) Mr. Reynolds' personal injury action stemming from the automobile accident; and (2) Mr. Reynolds' Chapter 7 bankruptcy. The crux of the matter involves Mr. Reynolds' omission from his bankruptcy petition of the existence of his accrued personal injury cause of action. Though the case has relatively simple underlying facts, it has a complicated procedural history that is exacerbated by a poor record on appeal.[1]

Mr. Reynolds alleged by affidavit that, following the collision with Ms. Tognetti, he consulted with an attorney about the possibility of filing a personal injury lawsuit.[2] Mr. Reynolds further alleged that the attorney would not file a lawsuit until it became apparent that Mr. Reynolds had suffered a permanent injury. Thus, no lawsuit was filed at that time.

On October 5, 2005, Mr. Reynolds filed a Chapter 7 voluntary petition for bankruptcy in the United States Bankruptcy Court for the Western District of Tennessee.[3] As part of his bankruptcy petition, Mr. Reynolds submitted required schedules listing his total assets as of October 5, 2005. One of these schedules required the debtor to list any known or accrued "contingent and unliquidated claims of every nature, including tax refunds, counterclaims of

---

[1]On March 30, 2010, Mr. Reynolds filed a motion with this Court seeking an extension of time to file his brief. Mr. Reynolds' motion indicated that "[w]hen the Appellant's [i.e., Mr. Reynolds'] counsel got a copy of the technical record, he discovered that all exhibits attached to pleadings were excluded from the record and all discovery had been excluded, both parties had requested these things be included in the technical record."

By order of April 14, 2010, we granted Mr. Reynolds an extension of time to file his brief; however, we noted that "it is unclear whether Appellant also seeks permission to supplement and/or correct the record at this time." While we denied all other requests for relief, we noted that "[t]his Order should not be construed as preventing Appellant from filing a motion to supplement and/or correct the appellate record." No such motion was filed by either party and the record was never supplemented or corrected.

Both parties have attached certain documents as appendices to their appellate briefs, which they purport to be relevant missing exhibits to pleadings filed in the trial court. However, the documents contained in the parties' appendices are not contained in the appellate record, as contemplated by Tenn. R. App. P. 28, and, therefore, we cannot consider them on appeal. *See State v. Matthews*, 805 S.W.2d 776, 783-84 (Tenn. Crim. App. 1990).

[2]Mr. Reynolds' affidavit was not contained in the appellate record. For reasons discussed herein, we have not considered Mr. Reynolds' affidavit, nor is it relevant to our decision. We use certain portions cited above, which we take from the parties' appellate briefs, for narrative purposes only.

[3]Mr. Reynolds' bankruptcy petition is not contained in the appellate record. However, the contents of his bankruptcy petition are undisputed.

the debtor, and rights to setoff claims." Mr. Reynolds asserted that he had no such assets or contingent claims. The bankruptcy petition also required a schedule of creditors holding unsecured nonpriority claims in which Mr. Reynolds listed the claims of John D. Huffman, M.D. ($1,335.00) and the Wilder Clinic ($155.00). These items represented medical debts, which Mr. Reynolds later alleged stemmed from the automobile accident. Mr. Reynolds declared, under penalty of perjury, that the schedules contained in his bankruptcy petition were true and accurate.

Mr. Reynolds' bankruptcy, including the amounts owed to Dr. Huffman and the Wilder Clinic, was discharged on January 20, 2006, by final decree of the bankruptcy court entered on January 27, 2006. On January 25, 2006, Mr. Reynolds filed the instant personal injury lawsuit in the Circuit Court of Fayette County alleging negligence by Defendant Wendee Tognetti and liability under the Family Purpose Doctrine for Defendant Louis Tognetti (together with Wendee Tognetti, "Defendants" or "Appellees").[4] The personal injury suit proceeded through discovery for more than three years until the Tognettis became aware of Mr. Reynolds' previous bankruptcy. Discovery also revealed that, in addition to other damages, Mr. Reynolds sought recovery of the medical bills incurred with Dr. Huffman and the Wilder Clinic, which had previously been discharged in bankruptcy.

On March 18, 2009, the Tognettis moved for summary judgment. They asserted that Mr. Reynolds' failure to include his personal injury cause of action in his bankruptcy petition caused him to lack standing to prosecute the personal injury lawsuit and that he should be judicially estopped from maintaining his suit. Following the Tognettis' motion for summary judgment, Mr. Reynolds petitioned the bankruptcy court to reopen his bankruptcy case. In his personal injury suit, on June 24, 2009, Mr. Reynolds filed a motion to amend the complaint and to continue the hearing on summary judgment in order to add the bankruptcy Trustee as a party. On July 13, 2009, the trial court held a summary judgment hearing. It is unclear from the appellate record whether the trial court also heard Mr. Reynolds' motion to amend the complaint at the summary judgment hearing. No ruling on the motion is contained in the appellate record. On July 15, 2009, the bankruptcy court entered an order reopening

_____

[4]Mr. Reynolds has employed various counsel since the automobile accident on January 31, 2005. In his affidavit, Mr. Reynolds stated that he initially consulted with attorney Michael Whitaker who, as discussed above, declined to pursue the personal injury cause of action at that time. The Tognettis allege that attorney Cyburn Sullivan, III was undersigned counsel on Mr. Reynolds bankruptcy petition, though Mr. Reynolds does not admit this and, as mentioned above, the bankruptcy petition is not contained in the appellate record. Attorney Michael Whitaker later filed the complaint in the instant personal injury case before being elected General Sessions Judge of Fayette County on November 7, 2006. Attorney Edward Johnson was substituted for the Honorable Michael Whitaker as Mr. Reynolds' attorney on January 26, 2007, and represented Mr. Reynolds until Mr. Johnson's death on June 17, 2007. Attorney Richard Rosser was substituted as counsel on November 28, 2007, and is Mr. Reynolds' attorney on appeal.

Mr. Reynolds' bankruptcy case.[5]  On July 16, 2009, the bankruptcy court appointed a successor bankruptcy Trustee.  On July 21, 2009, the Trustee filed, with the trial court, a motion to intervene or, in the alternative, for substitution in the personal injury case.  No ruling on the Trustee's motion is contained in the appellate record.

On August 27, 2009, the trial court granted summary judgment to the Tognettis.  The trial court's order stated, in relevant part, as follows:

> The facts show that the plaintiff, Lamar Reynolds, filed his complaint on January 25, 2006 in this Court.  Further, the facts show that on October 5, 2005, that the plaintiff, Lamar Reynolds, filed a voluntary petition for bankruptcy in bankruptcy court and failed to assert the claims contained in this present action as an asset or as a contingent claim.  The plaintiff's bankruptcy was discharged on January 20, 2006 which was five days prior to the filing of this claim.  Although the plaintiff stated in his bankruptcy filing the medical bills associated with this car accident claim, he failed to inform the bankruptcy court of his potential claim against the defendants.
>
> The Court finds that the close relation of time between the bankruptcy discharge and the filing of this present action are too closely connected to ignore.  This claim should have been made a part of his bankruptcy case.  The claims here are the assets of the bankruptcy court.  The plaintiff's failure to provide this accident claim in his [sic] bankruptcy court has the consequence of the loss of standing to pursue his claim.  It is well-settled that where a debtor fails to list any asset on the bankruptcy petition schedule of assets, including causes of action for personal injury claims, he will be precluded from pursuing those claims in his own name post-discharge. [citation omitted].  A debtor does not have standing to bring any claim where they fail to list the claim in their bankruptcy schedule and where the cause of action accrues before the filing of the petition. [citation omitted].
>
> Therefore, the Court finds that the plaintiff knowingly withheld the present cause of action from the bankruptcy

_____

[5]The bankruptcy court's order reopening Mr. Reynolds' bankruptcy case is not contained in the appellate record.

-4-

petition, lacks standing and is judicially estopped from bringing this action. The defendants are entitled as a matter of law to summary judgment.

Mr. Reynolds filed a motion for new trial or, in the alternative, to alter or amend the judgment. He noted that, before granting summary judgment, the trial court never ruled on his motion to amend the complaint, nor on the Trustee's motion to intervene or substitute. Mr. Reynolds' motion for new trial also raised substantive issues related to standing and judicial estoppel.

The Tognettis filed a notice setting all outstanding motions for a hearing on November 23, 2009. From the record, it is unclear whether this hearing was ever held. By order of December 16, 2009, the trial court denied Mr. Reynolds' motion for new trial or, in the alternative, to alter or amend the judgment. The trial court's December 16 order did not specifically address Mr. Reynolds' motion to amend the complaint or the Trustee's motion to intervene or substitute.

## II. Issues

Mr. Reynolds filed a timely notice of appeal, and raises two issues for review, as restated from his brief:

(1) Whether the trial court erred in granting the Tognettis' motion for summary judgment on the basis that Mr. Reynolds lacked standing and was judicially estopped from maintaining his personal injury claim because he omitted it from his bankruptcy petition.

(2) Whether the trial court erred by not ruling on Mr. Reynolds' motion to amend the complaint or the motion of the bankruptcy Trustee to intervene or, in the alternative, for substitution.

## III. Analysis

Before addressing Mr. Reynolds' issues, we believe that a brief review of the background legal principles would be beneficial. Pursuant to the United States Bankruptcy Code, when a debtor files a bankruptcy petition, a bankruptcy estate is created which includes all of the debtor's legal or equitable interests in property as of the commencement of the case. 11 U.S.C. § 541(a)(1); *Headrick v. Bradley County Mem'l Hosp.*, 208 S.W.3d 395, 399 (Tenn. Ct. App. 2006). The bankruptcy estate thus includes virtually all of the debtor's assets, including causes of action that the debtor could have brought at the time the bankruptcy petition was filed. 11 U.S.C. § 541(a)(1); *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008); *see also Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988); *Headrick*, 208 S.W.3d at 399. After a bankruptcy trustee is appointed,

the trustee, as the representative of the bankruptcy estate, succeeds to all causes of action formerly held by the debtor. 11 U.S.C. § 323(a), 541(a)(1); *Kane*, 535 F.3d at 385. Thus, it is the trustee, and not the debtor, who has standing to pursue cases belonging to the estate once the bankruptcy petition has been filed. *Kane*, 535 F.3d at 385; *see also* *Gordon v. Draughn*, No. M2008-02224-COA-R10-CV, 2009 WL 1704470, at *5 (Tenn. Ct. App. June 16, 2009); *Headrick*, 208 S.W.3d at 399.

The bankruptcy trustee may abandon property of the estate, including causes of action, that is burdensome or of inconsequential value and benefit to the estate. 11 U.S.C. § 554(a). Additionally, any property scheduled in the petition that has not been administered when the bankruptcy court closes the case is abandoned to the debtor. 11 § U.S.C. 554(c); *Headrick*, 208 S.W.3d at 399. However, if the debtor fails to list any asset on the bankruptcy petition schedule, including a cause of action for a personal injury claim, it remains the property of the bankruptcy estate, having been neither administered nor abandoned by the trustee, and the debtor lacks standing to assert it. *Tangwall v. Stapleton*, No. E2001-02121-COA-R3-CV, 2002 WL 1723692, at *2 (Tenn. Ct. App. July 25, 2002) (citing *Stanley v. Sherwin-Williams Co.*, 156 B.R. 25 (W.D.V.A. 1993)). Our Supreme Court has explained that "[s]tanding is a judge-made doctrine . . . used to refuse to determine the merits of a legal controversy irrespective of its correctness where the party advancing it is not properly situated to prosecute the action." *Knierim v. Leatherwood*, 542 S.W.2d 806, 808 (Tenn. 1976). In cases of omission from the bankruptcy petition of an accrued cause of action, the debtor is precluded from asserting the omitted causes of action in his own name post-discharge. *Tangwall*, 2002 WL 1723692, at *2. Where the debtor fails to schedule an asset, the estate is discharged in bankruptcy, and the trustee later discovers the debtor's omission, then the trustee may generally reopen the bankruptcy case to administer the asset on the creditor's behalf. 11 U.S.C. § 350(b); *Kane*, 535 F.3d at 385. Thus, even if the debtor lacks standing due to the cause of action being the property of the bankruptcy estate, the trustee may have standing to pursue the cause of action.[6] *See* *Gordon v. Draughn*, No. M2008-02224-COA-R10-CV, 2009 WL 1704470, at *5-7 (Tenn. Ct. App. June 16, 2009).

A second judge-made doctrine may also serve to bar the debtor's lawsuit. Wholly apart from standing, judicial estoppel is a common law doctrine under which "a party will not be permitted to occupy inconsistent positions or to take a position . . . which is directly contrary to, or inconsistent with, one previously assumed by him, at least where he had, or was chargeable with, full knowledge of the facts, and another will be prejudiced." *Marcus*

---

[6] The Advisory Commission Comments to Tenn. R. Civ. P. 17.02 refer to "standing to sue" as being "the subject of Rule 17.01," which addresses the real party in interest. Our Supreme Court has referred to this Advisory Commission Comment as "imprecise." *Knierim v. Leatherwood*, 542 S.W.2d 806, 808 (Tenn.1976); *see also* Lawrence A. Pivnick, Tennessee Circuit Court Practice, Vol. 1 § 5:2 (2010).

*v. Marcus*, 993 S.W.2d 596, 602 (Tenn. 1999) (quoting *Obion County v. McKinnis*, 364 S.W.2d 356, 357 (Tenn. 1962)). Judicial estoppel is "[d]esigned to prevent a party from gaining an unfair advantage." *Marcus*, 993 S.W.2d at 602 (quoting *Carvell v. Bottoms*, 900 S.W.2d 23, 30 (Tenn. 1995)). As our Supreme Court explained in *Sartain v. Dixie Coal & Iron Co.*, 266 S.W. 313 (1924):

> The distinctive feature of the Tennessee law of judicial estoppel (or estoppel by oath) is the expressed purpose of the court, on broad grounds of public policy, to uphold the sanctity of an oath. The sworn statement is not merely evidence against the litigant, but (unless explained) precludes him from denying its truth. It is not merely an admission, but an absolute bar.

*Id.* at 318.

In Tennessee, the severity of the rule has been tempered by an exception. *Id.* at 317. "If the party sought to be estopped can show that his previous statement under oath was made inadvertently or through mistake . . . he will not be precluded by his former statement." *Id.* It has been said that "anything short of a willfully false statement of fact," *D.M. Rose & Co. v. Snyder*, 206 S.W.2d 897, 906 (Tenn. 1947), or a "conscious and deliberate perjury," *Echols v. Echols*, No. E2006-02319-COA-R3-CV, 2007 WL 1756711, at *3 (Tenn. Ct. App. June 19, 2007), will not give rise to judicial estoppel.

The judicial doctrines of standing and judicial estoppel are distinct concepts. A plaintiff may lack standing because the right to pursue the pre-petition cause of action rests exclusively with the bankruptcy trustee. A plaintiff may also be judicially estopped from pursuing the cause of action where his earlier statement wilfully misled the court and was not made inadvertently or through mistake. Because the application of either doctrine may yield the same result in a case involving the omission of an asset from a bankruptcy petition, courts may be tempted to apply the two doctrines interchangeably. However, importantly, before finding that judicial estoppel applies in a given case, a trial court must make a finding that the plaintiff's previous statement was not made inadvertently or through mistake, *Sartain v. Dixie Coal & Iron*, 266 S.W. at 318, and was instead a wilfully false statement of fact, *D.M. Rose & Co. v. Snyder*, 206 S.W.2d at 906. Thus, it is entirely possible that a plaintiff may lack standing by virtue of his omission, but may not be judicially estopped where his omission was inadvertent. In such cases, standing may still lie with the bankruptcy trustee. *See* *Gordon v. Draughn*, No. M2008-02224-COA-R10-CV, 2009 WL 1704470, at *5-7 (Tenn. Ct. App. June 16, 2009).

In the case at bar, the trial court determined that Mr. Reynolds "lacks standing and is judicially estopped from bringing this action." We note that the trial court found the

doctrines of standing and judicial estoppel to apply concurrently; however, we need not decide the application of either doctrine to the facts of this case because we conclude that the trial court erred when it failed to rule on Mr. Reynolds' pending motion to amend his complaint before granting summary judgment to the Tognettis.

As discussed above, and as raised in Mr. Reynolds' second issue, the court had before it two pending motions seeking to add the Trustee as a party when it entered its summary judgment order on August 27, 2009. The first was Mr. Reynolds' motion to amend the complaint filed June 24, 2009. Mr. Reynolds' motion, pursuant to Tenn. R. Civ. P. 15.01, sought to amend his complaint in order to add the Trustee as a party. This motion was contested by the Tognettis.

Tenn. R. Civ. P. 15.01 provides, in relevant part, as follows:

> A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been set for trial, the party may so amend it at any time within fifteen (15) days after it is served. Otherwise a party may amend the party's pleadings only by written consent of the adverse party or by leave of court; *and leave shall be freely given when justice so requires.* (Emphasis added).

Tenn. R. Civ. P. 15.01 "needs no construction; it means precisely what it says, that 'leave shall be freely given.'" ***Oaks v. Stewart***, No. E1999-02098-CA-R3-CV, 2000 WL 116038, at *1 (Tenn. Ct. App. Jan. 31, 2000) (quoting ***Branch v. Warren***, 527 S.W.2d 89, 92 (Tenn. 1975)). Our Supreme Court has affirmatively stated that "[t]he Rules put forth a liberal policy of permitting amendments in order to ensure determination of claims on their merits." ***Henderson v. Bush Bros. & Co.***, 868 S.W.2d 236, 237 (Tenn. 1993); *see also* ***Cumulus Broad., Inc. v. Shim***, 226 S.W.3d 366, 375 (Tenn. 2007); ***Gardiner v. Word***, 731 S.W.2d 889, 891 (Tenn. 1987). In deciding whether to allow amendments, the trial court should consider factors such as "undue delay in filing; lack of notice to the opposing party; bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." ***Cumulus Broad., Inc.***, 226 S.W.3d at 374 (quoting ***Merriman v. Smith***, 599 S.W.2d 548, 559 (Tenn. Ct. App. 1979)).

A court's refusal to grant a Rule 15.01 motion is reviewed under an abuse of discretion standard. ***Henderson***, 868 S.W.2d at 237. "A trial court abuses its discretion

when it dismisses an action on the basis of the original complaint without first considering and ruling upon a plaintiff's pending motion to amend." ***Oaks***, 2000 WL 116038, at *1. The trial court must give the moving party a full chance to be heard on the motion to amend, must consider the motion in light of the policy that amendments are to be freely allowed, and "in the event the motion to amend is denied, the trial court must give a reasoned explanation for his action." ***Henderson***, 868 S.W.2d at 238.

Based on the record we have been provided in this case, there is no indication that the trial court considered or ruled upon Mr. Reynolds' motion to amend. We cannot ascertain from the record whether the motion was argued at the summary judgment hearing on July 13, 2009; however, there is no ruling on the motion contained in the appellate record.[7] While we could infer that the trial court denied Mr. Reynolds' motion by its grant of summary judgment, that is certainly not clear from the trial court's language. Rather, in its order granting summary judgment, the trial court acknowledged that "this claim should have been made a part of his bankruptcy case. The claims here are the assets of the bankruptcy court." Were we to allow this inference, we would be left to speculate as to why the trial court denied the motion while simultaneously acknowledging that pursuing the personal injury claim was the province of a bankruptcy trustee. We think the better course of action is to remand to the trial court for a full hearing on the motion, in light of the policy that amendments are to be freely given. If, on remand, the trial court denies the motion to amend, then it should provide a reasoned explanation for its action. *See **id.***

Mr. Reynolds has also appealed the trial court's failure to rule on the bankruptcy Trustee's motion to intervene as of right pursuant to Tenn. R. Civ. P. 24.01[8], for permissive intervention pursuant to Tenn. R. Civ. P. 24.02[9], or, in the alternative, for substitution

---

[7]A transcript of the July 13, 2009 summary judgment hearing is not contained in the appellate record.

[8]Tenn. R. Civ. P. 24.01 provides:

> **Intervention as of Right** – Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties; or (3) by stipulation of all the parties.

[9]Tenn. R. Civ. P. 24.02 provides:

> **Permissive Intervention** – Upon timely application anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an
> (continued...)

pursuant to Tenn. R. Civ. P. 17.01[10] as the real party in interest. As noted above, following the filing of the Tognettis' motion for summary judgment, Mr. Reynolds petitioned the bankruptcy court to reopen his bankruptcy case. The bankruptcy court obliged and appointed a successor Trustee to manage the bankruptcy estate, which presumably included Mr. Reynolds' accrued personal injury cause of action.[11] The trial court held a summary judgment hearing on July 13, 2009. On July 21, 2009, the Trustee filed the motion to intervene or substitute that is at issue. On August 27, 2009, without holding a separate hearing on the Trustee's motion, the trial court granted summary judgment to the Tognettis. It is unclear from the record whether the trial court was ever aware of or considered the Trustee's motion, coming as it did after the summary judgment hearing; however, the trial court did not enter an order either granting or denying the Trustee's motion.

Nonetheless, we believe it would be improvident to grant Mr. Reynolds relief based on the trial court's failure to rule upon the Trustee's motion. When a person moves to intervene and the trial court never rules on the motion, the person is not a party and has no standing to participate in the proceedings, including on appeal.[12] *Carson v. Challenger Corp.*, No. W2006-00558-COA-R3-CV, 2007 WL 177575, at *4 (Tenn. Ct. App. Jan. 25, 2007). Likewise, Mr. Reynolds cannot maintain an appeal based on the Trustee's motion. For this reason, we cannot remand specifically for the trial court to rule on the Trustee's motion.

We note, however, that Mr. Reynolds' motion to amend and the Trustee's motion to intervene or substitute each seek the same relief. Both motions seek to add the bankruptcy Trustee as the real party in interest. While Mr. Reynolds' motion is captioned as a motion

---

[9](...continued)
    applicant's claim or defense and the main action have a question of law or fact in common. In exercising discretion, the court shall consider whether or not the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

[10]Tenn. R. Civ. P. 17.01 provides, in relevant part:

    **Real Party in Interest** – . . . No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification or commencement but, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

[11]The bankruptcy court's order appointing the successor bankruptcy Trustee is not contained in the appellate record.

[12]The bankruptcy Trustee has not appealed in this case.

to amend the complaint and cites Tenn. R. Civ. P. 15.01, its substance is to add the Trustee as "an indispensable party" because "the cause of action belongs to the bankruptcy trustee." It is well settled that courts are to give effect to the substance of a pleading or motion rather than its terminology or form. *Norton v. Everheart*, 895 S.W.2d 317, 319 (Tenn. 1995); *Bemis Co. v. Hines*, 585 S.W.2d 574, 576 (Tenn. 1979). Thus, a court is not bound by the title of a motion but should give effect to its substance according to the relief it seeks. *Hill v. Hill*, No. M2006-01792-COA-R3-CV, 2008 WL 110101, at *3 (Tenn. Ct. App. Jan. 9, 2008).

While Mr. Reynolds' motion is proper under Tenn. R. Civ. P. 15.01, its substance is to substitute the Trustee as the real party in interest pursuant to Tenn. R. Civ. P. 17.01 and 25.03. *See, e.g.*, *Gordon*, 2009 WL 1704470, at *8. We note that, while the Tognettis opposed Mr. Reynolds' motion to amend the complaint, they did not oppose the Trustee's motion to intervene or substitute. In fact, at trial and on appeal, both parties acknowledge that Mr. Reynolds' personal injury claim belonged to the Trustee and that the Trustee should have been added as a party. In the trial court's order granting summary judgment, it concluded that "[t]his claim should have been made a part of his bankruptcy case. The claims here are the assets of the bankruptcy court." While we state no opinion as to whether the Trustee should be, or may be, added as a party on remand, Mr. Reynolds' motion should be viewed as both a Rule 15.01 motion to amend and a Rule 17.01 motion to substitute the real party in interest. *See, e.g., id.*

The parties assert that, following the court's grant of summary judgment, the Trustee abandoned Mr. Reynolds' personal injury cause of action, citing as the reason, in its notice of abandonment, the court's grant of summary judgment to the Tognettis. Mr. Reynolds argues on appeal that the Trustee's abandonment divests the bankruptcy estate of control of the claim. We note first that the Trustee's notice of abandonment is not contained in the appellate record. Moreover, because we remand to the trial court for consideration of Mr. Reynolds' motion to amend, the trial court is the proper court to consider whether the Trustee may still properly be a party if, in fact, it has abandoned the claim. It is problematic that the Trustee abandoned the claim in reference to the court's grant of summary judgment, which we vacate here. However, in the opinion of this Court, Mr. Reynolds' argument that the claim reverts back to him is circular. If summary judgment is granted because a plaintiff lacks standing or is judicially estopped from bringing a claim, and the bankruptcy trustee thereafter abandons the claim in reliance on that judgment, it would circumvent the purpose of the rule for the claim to revert to the plaintiff to try anew.

Notwithstanding our views on the issue, it is the province of the trial court to first determine whether the Trustee may still be, or should be, added as the real party in interest pursuant to Mr. Reynolds' pending motion. We make no determination concerning the trial

court's grant of summary judgment, except to vacate the order for failure to consider the pending motion to amend the complaint. The case is remanded to the trial court to consider Mr. Reynolds' motion to amend in order to add the bankruptcy Trustee as the real party in interest and, after considering the motion, it may then consider whether summary judgment is appropriate.

## IV. <u>Conclusion</u>

For the foregoing reasons, the trial court's grant of summary judgment is vacated, and the case is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are taxed to the Appellees.

_____
J. STEVEN STAFFORD, JUDGE

-12-